Mr. Tice. Thank you. May it please the court, Bill Tice for Mr. Davila. Mr. Davila, by the way, they pleaded guilty to use of a firearm in relation to a crime of violence. And one way we know that is because that's what the judgment says. Yeah. I think you've just said the magic phrase, Mr. Tice. You pleaded guilty, right? The Supreme Court's rule is that if you plead guilty, you waive all non-jurisdictional defects. So the question is whether the argument you're now making is a jurisdictional argument. Because if not, under Supreme Court's doctrine, it's been waived. Well, it is a jurisdictional argument. And how is it a jurisdictional argument given the statutory grant of jurisdiction to district courts to resolve all federal criminal cases? Because the advice that he was given at the plea was that he was pleading guilty to use of a firearm in relationship to a crime of violence. Yeah. And that is what the judge sentenced him on. What does that have to do with federal subject matter jurisdiction? Because you can only be found guilty of that to which you plead guilty. You can, there is federal subject matter jurisdiction of criminal prosecutions even if the defendant is innocent in fact or in law. And at the end, there'll actually be a judgment saying the defendant is innocent. But if there's no federal jurisdiction whenever there is no crime, then the defendant could never be acquitted. Because all the judge could do would be to dismiss for lack of jurisdiction. But this is not a case where he's saying there's no crime. He's saying that the crime is the crime to which I pleaded guilty and of which I was found guilty and sentenced. And what does that have to do with subject matter jurisdiction? Because the court can only sentence you for something that you have pleaded guilty to. You're now trying to argue the merits. What you're saying as I hear you is whenever the defendant is not guilty, then there was no jurisdiction. And that can't possibly be right. No, I'm not saying that. He is attacking his sentence on the 924C, which is tied in to the allegation of the 924C that he used the gun in relationship to a crime of violence. And that's what the judgment says. And now that there is a question as to whether or not 924C applies to crimes of violence, that's where the jurisdiction of 2255 comes in. And the court at the time of the Gilly plea actually gave him no advices to the elements of the offense. It looked to his defense counsel to provide those elements. And she did. And limited it to use of a gun in relationship to a crime of violence. The prosecutor made similar statements, which are found in appendix pages 76 and also pages 85 to 86. And as a result of that, the court entered the judgment, which is a matter of record. It's there in black and white. Well, Mr. Steeves, is there a difference between what the judge said face-to-face with the defendant in court and what the written judgment said? There is not, Your Honor. At the sentencing hearing, the judge said, I sentence you to X number of months on count whatever and Y number of months on the other count. And just identified the count by the number in the indictment. The judge didn't say anything about this is a count involving use of a gun in relationship to a crime of violence. That colloquy took place at the time that the defendant pleaded guilty. What I'm trying to get at is the written judgment that gets referred to was the same as what was said in court, essentially. The written judgment controls. There's nothing in the court's oral pronouncement of the sentence that is inconsistent with the written judgment. And in fact, the written judgment usually is not what the written judgment doesn't control. It's what it was said orally. Right. And the problem is that the judge didn't specify what sort of 924C count this was. Although at the time of the plea, the judge allowed the defense counsel to explain the nature of the crime. The prosecutor concurred. And the judge never said, oh, no, no, it's something else. So in terms of what the man thought he was pleading guilty to, that's the record that we have. Can we look at the plea agreement, which spells out the 924C in connection with a drug trafficking offense and admits all the elements of the drug trafficking conspiracy? You could if the plea agreement spoke with one voice. And in fact, it does not. I thought it pretty much covered the waterfront. No, Your Honor. I would have to disagree with that. If we look at appendix page 45, which is the first page of the plea agreement, where it spells out the charges in the case, in numbered paragraph 2, it specifically refers to possession of a firearm in furtherance of a crime of violence and says nothing at all about drug trafficking. Then on the very next page of the plea agreement, which is appendix page 46, where the caption is charges to which the defendant is pleading guilty, it refers to count 3. This is in numbered paragraph 5. It says that count 3 charges the defendant with possession of a firearm in furtherance of a crime of violence and once again says nothing about drug trafficking. Now it is true that the plea agreement on the very next page in reciting the facts and the allegations of the indictment then includes the drug trafficking as well as the crime of violence. So if this were a simple case where the plea agreement spoke with one voice, we would have a different case. But this is a plea agreement that is really sort of shifting around. It's not entirely consistent. But what's more, when they talk about it at the plea agreement, not only does the defense counsel refer only to crime of violence, on page, appendix page 76, the prosecutor says, for count 3, possession of a firearm in furtherance of a drug trafficking crime or crime of violence, the maximum punishment is life in prison. Then on page, appendix page 85, the prosecutor at the very end of that page says, the defendant acknowledges that in the context of the conspiracy alleged in count 1 of the indictment, and remember that's the violence, he and his co-conspirators jointly possessed the two firearms recovered from the vehicle. So we've got all sorts of conflicting signals that are given here. And it's no wonder that when it comes time for the judge to enter the written judgment, he enters it for use of a gun in relationship to a crime of violence. Mr. Theis, we've got here, I guess I understand 2255 to be essentially an equitable remedy, right? Well, I don't think, well, if you go back far enough, you wouldn't call it an equitable remedy. Habeas corpus is sort of outside the division of law and equity. And then when we adopt the Constitution, maybe somebody thinks of it as equity, but now it's a statutory remedy. But I don't want to get off the track with your question. Statutory remedy, but none of these issues were raised before the district court originally, correct? In the criminal case, you mean? Correct. That is correct. So I guess I'm looking for the injustice that you and your client see here. Given all of the facts that were admitted, given the extraordinarily light sentence on the conspiracy charge, what's crying out for a remedy here? Well, if it's not good enough that someone's serving an illegal sentence, I don't know what to tell your Honor. That's what it comes down to. Illegal in what sense? Because there is no doubt that he admitted facts that add up to a drug trafficking conspiracy, correct? That is correct. Part of the plea agreement, and he and his colleagues got guns together. If any of these issues had been raised in the original criminal case, the government could have fixed the problems in a heartbeat, right? I don't know, because I don't know the dynamics of the plea agreement and the negotiation towards that. You know, can I make this quick analogy? Had he gone to a jury trial, and had, let's say the evidence was clear and unequivocal and convincing to everyone, and the jury had come back with a special verdict saying, we find him guilty of using a gun in relationship to a crime of violence, and not guilty as to drug trafficking. You might say, well, gee, where's the justice in that? That's unfair. And here we have a situation where he pleads guilty to essentially what is one prong of the indictment. Gets a sentence. That sentence we now contend is an illegal sentence. I don't see any unfairness in allowing him to challenge the unfairness of that sentence. But you would see an unfairness in allowing the district judge to revisit the sentence on the conspiracy charge, correct? You know, when this was argued in the district court, and it all sort of played out in a strange way because the government never even raised this issue until further in the litigation, I at first, since I wasn't prepared for the judge's question, was a little uncertain as to the answer. But after reviewing the law, I would have to agree that if you were to reverse in this case and send it back for resentencing, the judge would have the authority to recalibrate his sentence on the conspiracy charge. One time you said something about him fudging. I'm sorry, your Honor? I'm reading from the transcript of the sentencing. You mentioned to Judge Feinerman about him fudging and he says, actually, I did fudge through the Hoback sentence. And then you said, well, we won't tell the Seventh Circuit. Well, I knew it was all being transcribed, so I was just trying to be pleasant. I wasn't going to say, Judge Feinerman, you're on report. I'm not criticizing you for it, but that's what this discussion happened. But the legal principle was clear, and I think it was adverted to in the briefs that you have in the first case this morning, that if habeas relief is given on this count, the district judge has the authority, not required to, but the authority to recalibrate the sentence on the counts that remain. Thank you, Your Honor. Thank you, Mr. Tice. Ms. Bonamici. May it please the Court. Deborah Bonamici on behalf of the United States. Good morning. Starting from the end rather than the beginning, the Court is absolutely correct that were the Court to grant relief in this case, the district court would have the authority to recalibrate the sentence. And every indication was given during the passage that, Judge Kaney, you just read, that the Court would indeed recalibrate and would presumably impose the exact same sentence. So as a practical matter, that goes to the question of the injustice here. But in addition, with respect to the count of which the defendant was actually convicted based on a guilty plea, the judgment here says that he is convicted of a violation of 18 U.S.C. 924C1A. It does not distinguish between a crime of violence or a drug trafficking crime other than it uses the, kind of the generic terminology, possession of a firearm and furtherance of a crime of violence, which we can see is pretty much all that fits into that line. And it is something that, I'm sure you've read enough transcripts to know that it is a common thing for people to shorten that long statutory provision and just use the first part of it. And I think that that is definitely something that was happening at least some of the time in the passages that counsel was reading from the record of the plea colloquy. The distinction was not made at the time of sentencing. And with respect to the guilty plea, on page 3 of the plea agreement, the defendant most specifically admitted to having done both things. Both in terms of the fact that the passage leads off with an admission that the defendant used and carried a firearm during and in relation to both a crime of violence and a drug trafficking crime, and with respect to the specific facts that were admitted during the plea. Judge Hamilton, as you pointed out, the plea agreement makes that crystal clear. And of course the law is that the question here is not what he was convicted of, but rather what he, what facts he pled guilty to in this case or what facts were demonstrated because 924C does not require a conviction. It only requires that the gun be used in furtherance of, or rather than in furthering in a relationship to a crime of violence that was committed by the defendant. It doesn't have to be convicted. And so on that basis alone, the defendant's argument just doesn't hold water. As the district court correctly held, given that defendant's 924C conviction properly rested on his use of a gun during the commission of the drug trafficking offense, obviously Johnson has no application here because the drug trafficking offense was clearly not implicated in any way by the Johnson decision. And the court should decide this case on this basis. If there are any further questions, if there are none, I just ask that you affirm the conviction and sentence of the defendant. Thank you, counsel. Our final case of the day is Holt